UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN J. CUTTY,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>DAVID A. MECHAM and TITAN REVENUE SOLUTIONS,<br><br>　　　　　Defendants. | No. 2:23-cv-1907-TLN-KJN (PS)<br><br>ORDER |

　　　This action has been assigned to Chief Magistrate Judge Kendall J. Newman. Because both parties proceed without the assistance of counsel, the Local Rules dictate the Magistrate Judge will (1) resolve all non-dispositive matters, and (2) conduct all hearings and issue findings and recommendations on any dispositive matters. See Local Rule 302(c)(21).

　　　Should the parties wish to consent to the jurisdiction of the Magistrate Judge for all purposes, including for the entry of final judgment (see 28 U.S.C. § 636(c)), they may do so using the court's "Consent to Assignment or Request for Reassignment" form. (ECF No. 3-1.) There is no obligation to consent, and under Federal Rule of Civil Procedure 73(b)(1), the judges will not be notified of a party's choice unless all parties have consented. Because a consent designation assists the court in determining how the action will be administratively processed, the parties are instructed to make their election and notify the Clerk of the Court within 30 days of this order.

///

1

The parties are reminded of their continuing duty to notify chambers immediately of any settlement or other disposition.  See Local Rule 160.

Finally, the parties are reminded that while this court liberally construes filings by parties who are not represented by counsel, pro se parties are still required to comply with the Federal Rules, the court's Local Rules, and all orders of the court.  This includes an obligation to confer in good faith with each other on the matters below.  Under Local Rule 110, a failure to do so "may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court," including monetary sanctions, the striking of a pleading or motion, or dismissal of the case.

Given that defendant has answered the complaint and clarified the status of the entity Titan Revenue Solutions (see ECF Nos. 7, 8), the case requires scheduling.

**ORDER**

Pursuant to Fed. R. Civ. P. 16 and Local Rule 240, IT IS HEREBY ORDERED:

1. Within 30 days of this order, the parties shall discuss, in person or by telephone, their obligations to transmit mandatory disclosures to the other parties, as required by Federal Rule of Civil Procedure 26.  During their meeting, the parties shall discuss whether this case should be stayed and referred to mediation in the court's Voluntary Dispute Resolution Program.  The parties should also confer on discovery deadlines.

2. Within 14 days after this conferral, the parties shall file a joint status report with the court for the entry of a pretrial scheduling order.  This report shall address the relevant portions of Local Rule 240(a) including subsections (1), (2), (4), (8), (11), (12), (16), (17), and (18); shall include the parties' statement(s) of the case; and may address any other matters the parties believe are important for scheduling purposes.  A hearing shall take place on Tuesday, January 23, 2024, at 9:00 a.m., by Zoom.  The parties will receive instructions from the court on how to appear as the hearing date approaches.

Dated:  November 29, 2023

cutt.1907

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE