UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN J. CUTTY, | No. 2:23-cv-1907-TLN-KJN PS |
| Plaintiff, | ORDER |
| v. | |
| DAVID A. MECHAM, et al., | |
| Defendants. | |

READ THIS ORDER CAREFULLY. IT CONTAINS IMPORTANT DATES THAT THE COURT WILL STRICTLY ENFORCE AND WITH WHICH ALL COUNSEL AND PARTIES MUST COMPLY. FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER MAY RESULT IN THE IMPOSITION OF MONETARY AND ALL OTHER APPROPRIATE SANCTIONS, INCLUDING DISMISSAL OR AN ORDER OF JUDGMENT.

On January 23, 2024, the court conducted a status (pretrial scheduling) conference in this matter.[1] After considering the parties' representations at the status conference, the court issues the following pretrial scheduling order.[2]

///

---

[1] Given that both parties appear without the aid of counsel, this matter was referred to the undersigned pursuant to 28 U.S.C. § 636(c) and Local Rule 302(c)(21).

[2] The court has made slight modifications to the parties' proposed schedule based on the needs of the court and based on the federal rules.

1

NATURE OF THE CASE - Plaintiff's Position

Defendant Mecham, doing business as Titan Revenue Solutions, failed to conduct a reasonable investigation of the disputed information as required by the Fair Credit Reporting Act 15 U.S.C. 1681 i(a)(l)(A) and failed to consider information provided by the Plaintiff as required by 15 U.S.C. 1681 I(a)(4). Defendant Mecham accessed Plaintiff's Consumer File without a "permissible purpose" and entered derogatory information into the file. Defendant Mecham knew or should have known the definition of "credit" was defined as part of the 2003 amendments to the Fair Credit Reporting Act where a "collection of account" is permissible only when the collection is in connection with a "credit transaction" or if there is one of the following: a court order, written authorization from the debtor to obtain consumer report or a contractual agreement that rises to the level of a credit transaction under the law. Defendant Mecham knew or should have known there was no "contractual agreement which rises to the level of a 'credit transaction' under the FCRA," there is no court order, and there is no written authorization from the Plaintiff to access the Consumer File. Defendant Mecham violated the Fair Credit Reporting Act and :Plaintiff is entitled to statutory damages as permitted in the FCRA.

NATURE OF THE CASE - Defendant's Position

Defendant David A Mecham, doing business as Titan Revenue Solutions, conducted a reasonable investigation of the disputed information as required by the Fair Credit Reporting Act and did consider information provided by the Plaintiff. Defendant did not access Plaintiff's Consumer File without a "permissible purpose". Plaintiff entered into an agreement with Fast Action Pest Control, defendant's client, which was a credit transaction as defined by the Fair Credit Reporting Act. Plaintiff failed to meet his contractual obligation under this agreement. Defendant provided Plaintiff validation of his debt and notice of the reporting to the Credit Reporting Agency. Defendant did not violate the Fair Credit Reporting Act.

SERVICE OF PROCESS/ JOINDER OF PARTIES/AMENDMENT OF PLEADINGS

All named defendants have been served and have answered plaintiff's complaint. No further service, joinder of parties, or amendments to pleadings is permitted except with leave of court, good cause having been shown.

JURISDICTION/VENUE

Jurisdiction and venue are undisputed, and are hereby found to be proper.

INITIAL DISCLOSURES

To the extent that the parties have not already done so, the parties shall exchange initial disclosures within thirty days of this order. Such disclosures shall include production of any documents and other items required by Fed. R. Civ. P. 26(a)(1)(A)(ii) that are within a party's possession, custody, or control.

DISCOVERY DEADLINES, PROCEDURES FOR DISCOVERY DISPUTES

All non-expert discovery shall be completed[3] by **July 1, 2024.** Any discovery-related motions must conform to the requirements of the Federal Rules of Civil Procedure and this court's Local Rules, including Local Rule 251. The incoming magistrate judge plans to hear civil motions on Tuesdays at 10:00 a.m.

Prior to filing any discovery-related motions, the parties are required to meet and confer in good faith in an attempt to resolve their discovery disputes informally and without court intervention. Such meet and confer shall take place in person, or at a minimum, via a telephonic conference. The mere exchange of letters or e-mails alone is not sufficient. As part of their joint statement related to a discovery motion submitted pursuant to Local Rule 251, the parties shall also specifically outline: (a) what meet-and-confer efforts were undertaken; (b) when and where such discussions took place; (c) who was present; and (d) how the parties' disputes were narrowed as a result of such discussions. Failure to comply with these requirements may result in summary denial of any discovery motion.

The court strongly encourages the use of informal telephonic discovery conferences with the court in lieu of formal discovery motion practice. The procedures and conditions for requesting and conducting such an informal telephonic discovery conference are outlined in Judge Newman's "Order re Informal Telephonic Conferences re Discovery Disputes," posted on

---

[3] "Completed" means (1) all discovery shall have been conducted so that all depositions have been taken and (2) any disputes related to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been complied with.

[Judge Newman's page on the court's website](#).

Additionally, and subject to availability, the court will rule on disputes encountered at oral depositions so as to avoid them from breaking down. In the course of the deposition, the parties may contact Judge Newman's courtroom deputy clerk at (916) 930-4187 to inquire regarding Judge Newman's availability. However, the parties are cautioned that these informal procedures are not to be abused, and the court may impose appropriate sanctions on an offending party or parties, even in the course of informal discovery conferences.

### EXPERT DISCLOSURES AND DISCOVERY

The parties shall disclose any expert witnesses in accordance with the specifications of Fed. R. Civ. P. 26(a)(2) no later than **August 1, 2024**. Any rebuttal expert disclosures shall be made in accordance with the specifications of Fed. R. Civ. P. 26(a)(2) no later than **September 3, 2024**. Expert disclosures shall be filed with the court and served upon all other parties. All expert discovery shall be completed (see fn. 3) by **October 4, 2024**. The same procedures for fact–discovery disputes applies to expert–discovery disputes.

An expert witness not timely disclosed will not be permitted to testify unless the party offering the witness demonstrates that: (a) the necessity of the witness could not have been reasonably anticipated at the time that the expert disclosures were due; (b) the court and opposing counsel were promptly notified upon discovery of the witness; and (c) the witness was promptly proffered for deposition. Failure to provide the information required by Fed. R. Civ. P. 26(a)(2) along with the expert disclosures may lead to preclusion of the expert's testimony or other appropriate sanctions.

### LAW AND MOTION

Dispositive motions may be filed following the procedures of Local Rule 230. All law and motion, including motions for summary judgment under Fed. R. Civ. P. 56, shall be filed by **November 4, 2024** and completed (i.e. heard) by **December 10, 2024**. Counsel and/or parties proceeding without counsel are cautioned to refer to the Local Rules regarding the requirements for noticing such motions on the court's regularly scheduled law and motion calendar, including, but not limited to, Local Rule 230. The incoming magistrate judge plans to hear civil motions on

Tuesdays at 10:00 a.m.  This paragraph does not preclude later-filed motions for continuances, motions in limine related to trial, temporary restraining orders, or other emergency applications, for which the court may set a special briefing schedule, if necessary or appropriate.

ALL PURELY LEGAL ISSUES ARE TO BE RESOLVED BY TIMELY PRETRIAL MOTION.  The purpose of law and motion is to narrow and refine the legal issues raised by the case, as well as to dispose of those issues that are susceptible to resolution without trial by pretrial motion.  To accomplish that purpose, the parties need to identify and fully research the issues presented by the case, then examine those issues in light of the evidence obtained through discovery.  If it appears to counsel after examining the legal issues and facts that an issue can be resolved by pretrial motion, counsel are to file the appropriate motion consistent with the law and motion cutoff set forth above.  Conversely, motions in limine are procedural devices designed to address the admissibility of evidence.  THE COURT WILL LOOK WITH DISFAVOR UPON SUBSTANTIVE MOTIONS PRESENTED UNDER THE GUISE OF MOTIONS IN LIMINE AT THE TIME OF TRIAL.

FINAL PRETRIAL CONFERENCE/TRIAL SETTING

All parties request a jury trial.  The final pretrial conference and jury trial will take place before the assigned district judge, the Hon. Troy L. Nunley.  The undersigned declines to set final pretrial conference and trial dates at this juncture. Instead, the court orders the parties to submit a Notice of Trial Readiness on one of the following timelines:

A. After resolution of any pending dispositive motions, the parties are to submit the Notice not later than thirty (30) days after receiving the district court's ruling(s) on the last filed dispositive motion(s); or

B. If the parties do not intend to file dispositive motions, they are ordered to file the Notice not later than one hundred twenty (120) days after the close of discovery and the notice must include statements of intent to forgo the filing of dispositive motions.

In the Notice of Trial Readiness, the parties are to set forth the appropriateness of special procedures, their estimated trial length, any request for a jury, their availability for trial, and if the parties are willing to attend a settlement conference.  The Notice shall also estimate how many

court days each party will require to present its case, including opening statements and closing arguments. The parties' estimate shall include time necessary for jury selection, time necessary to finalize jury instructions and instruct the jury. After review of the parties' Joint Notice of Trial Readiness, the court will issue an order that sets forth dates for a final pretrial conference and trial.

### OBJECTIONS

Any objections to this pretrial scheduling order shall be filed within seven (7) days.

### SETTLEMENT CONFERENCE

Should the parties wish to conduct a settlement conference with a magistrate judge, they are to contact the undersigned's courtroom deputy clerk to inquire as to the availability of another magistrate judge for a settlement conference.

### MODIFICATION OF THIS SCHEDULING ORDER

The parties are reminded that pursuant to Federal Rule of Civil Procedure 16(b)(4), this order shall not be modified except by leave of court upon a showing of "good cause." See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir. 1992). Mere agreement by the parties pursuant to a stipulation does not constitute good cause. Nor does the unavailability of witnesses or counsel, except in extraordinary circumstances, constitute good cause.

Dated: January 23, 2024

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

cutt.1907